IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| BRIAN HACKETT, | : | |
| Petitioner, | : | |
| VS. | : | NO. 7:23-CV-00139-WLS-TQL |
| WARDEN TAMARSHE SMITH, | : | |
| Respondent. | : | |
| _____ | : | |

## ORDER

In accordance with the Court's orders and instructions, Ms. Amelia Bifulco has filed a letter explaining her relationship with Petitioner Brian Hackett (ECF No. 4). Petitioner has also filed a letter in support of having Ms. Bifulco act as his "next friend" in this action (ECF No. 5) and a motion requesting appointment of counsel (ECF No. 6). For the following reasons, the Court declines to extend "next friend" status to Ms. Bifulco and **DENIES** Petitioner's motion for appointed counsel. If Petitioner wishes to proceed with this habeas corpus action, he must submit a signed habeas petition to the Court in accordance with the directions set forth herein within **FOURTEEN (14) DAYS** of the date of this Order.

## DISCUSSION

### I. Next Friend Status

As was previously explained to Petitioner and Ms. Bifulco, 28 U.S.C. § 1654 generally requires parties in federal courts to "plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and

conduct causes therein." *See also* M.D. Ga. R. 83.1.1 (governing attorney admissions). In habeas corpus cases, however, "courts have long permitted a next friend to proceed on behalf of a prisoner who is unable to seek relief himself." *Lonchar v. Zant*, 978 F.2d 637, 641 (11th Cir. 1992); *see also* 28 U.S.C. § 2242 (allowing petition to be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf"). To establish standing to bring a habeas petition as a next friend, "[t]he would-be next friend must first prove that the real party in interest cannot pursue his own cause due to some disability such as mental incompetence or lack of access to court." *Lonchar*, 978 F.2d at 641 (citing *Whitmore v. Arkansas*, 495 U.S. 149)). In addition, "the next friend must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interests of the real party in interest." *Id.* Absent "an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978).[1] Ms. Bifulco bears the burden of establishing that she has standing to proceed on behalf of Petitioner and to raise his claims before this Court. *Lonchar*, 978 F.2d at 640. She has failed to do so in this case.

In her response to the Court's show cause Order, Ms. Bifulco explains that she has known Petitioner for more than 20 years and that she and her family are close friends with Petitioner. Ms. Bifulco Resp. 1, ECF No. 4. Ms. Bifulco has also apparently served as

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Petitioner's agent through a power of attorney since just before Petitioner's trial in 2012. *Id.* In her capacity as agent through Petitioner's power of attorney, Ms. Bifulco shares a joint bank account with Petitioner, has "assisted in finding his outside counsels along with dealing with matters concerning his retired military pay, medical and personal issues, and the sale of his home in Georgia to pay for the attorneys." *Id.*

For his part, Petitioner confirms that "Ms. Amelia Bifulco is a very dear and close friend and has been for over 20 years." Pet'r Letter 1, ECF No. 5. Petitioner also states that Ms. Bifulco completed the Petition and submitted it to the Court at his request. *Id.* Petitioner avers that he has "very poor penmanship and . . . dyslexia," and he does not have access to computers or typewriters. *Id.* Petitioner also states that "Ms. Bifulco is acting as in the capacity as a secretary" and thus "anything written by her was provided by [him]." *Id.*

As the Court previously found, the fact that Ms. Bifulco possesses a general power of attorney giving her authority to act on Petitioner's behalf "cannot alone transform [Ms. Bifulco] into a 'next friend.'" *Weber*, 570 F.2d at 514. Ms. Bifulco must still "establish[] some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be 'next-friend.'" *Id.* at 513-14. Even assuming that Ms. Bifulco's status as a close personal friend of Petitioner is sufficient to establish that Ms. Bifulco is truly dedicated to Petitioner's best interests, neither Petitioner nor Ms. Bifulco has alleged facts sufficient to show that Petitioner is not capable of prosecuting this action on his own behalf. Petitioner's correspondence with the Court has been clear, legible, and easily understood despite

3

Petitioner's concerns about his handwriting and dyslexia. Moreover, application of the "mailbox rule" should alleviate some of Petitioner's concern about the delays inherent in the prison mail system. Under the "mailbox rule" the Court generally deems a prisoner document filed on the date the plaintiff delivers it to prison officials for mailing, not the date the Court actually receives it. *See, e.g., Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Absent evidence to the contrary, it is assumed that a document is delivered to prison authorities on the date the prisoner signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

For these reasons, Ms. Bifulco has failed to meet her burden of establishing that it is necessary to resort to the "next friend" device in this action. Her request to do so is accordingly denied.[2]

## II.     Motion for Appointed Counsel

Petitioner has also moved for appointed counsel in this action (ECF No. 6). Generally, however, there is no right to legal representation in a federal habeas corpus proceeding. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992). The Rules Governing

---

[2] The Court also notes that Ms. Bifulco does not allege that she is an attorney, and it is unclear whether an individual proceeding as a "next friend" may also proceed pro se. *See, e.g., Weber*, 570 F.2d at 514 ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law."); *Coleman v. Unnamed Respondent*, CV416-339, 2017 WL 619013, at *1 (S.D. Ga. Feb. 15, 2017) (citing *Weber* for the proposition that "while the law may recognize a party's right to proceed in a representative capacity, that capacity does not entitle the representative to pursue the case *pro se*"). *But see Wint ex rel. Wint v. Fla. Palm Beach Sheriff*, 842 F. App'x 468, 470 (11th Cir. 2021) (per curiam) ("This Circuit . . . has not firmly settled if and when a next friend may proceed *pro se*.").

Section 2254 Cases in the United States District Courts provide that appointment of counsel is proper if an evidentiary hearing is needed, if counsel is necessary for effective discovery, or "if the interest of justice so requires." *Jones v. Thompson*, No. CV410-039, 2010 WL 3909966, at *2 (S.D. Ga. Oct. 5, 2010) (citing Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases). This Court is not yet able to determine whether counsel needs to be appointed in this case, and Petitioner appears capable of communicating the essential merits of his claims to the Court at this stage. However, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion for counsel. Until then, Petitioner's motion for appointed counsel (ECF No. 6) is **DENIED**.

### III.   Order to Submit Signed Petition

Rule 2(c)(5) of the Rules Governing § 2254 Cases requires a habeas petition to "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Because the Court has found that Ms. Bifulco may not "act[] in [Petitioner's] behalf" in this case under § 2242, Petitioner must sign his Petition and prosecute this action on his own if he wishes to proceed. The **Clerk** is accordingly **DIRECTED** to mail Petitioner a copy of the Petition (ECF No. 1) and a blank copy of the Court's § 2254 form. Petitioner may choose to either sign the copy of the Petition already submitted by Ms. Bifulco **or** complete and sign the blank petition form. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a signed petition. **Failure to fully and timely comply with this Order may result in the dismissal of the pending application for habeas relief.** There will be no service of process in this case

5

until further order. The Clerk is also **DIRECTED** to mail copies of this Order to both Petitioner and Ms. Bifulco. All subsequent correspondence from the Court shall be directed to Petitioner only.[3]

**SO ORDERED**, this 27th day of February, 2024.

s/ *Thomas Q. Langstaff*
United States Magistrate Judge

---

[3] Petitioner's filing fee was received by the Court on December 12, 2023, and payment has now been noted on the docket. Thus, neither Petitioner nor Ms. Bifulco needs to send any additional documentation regarding the payment of the filing fee.