# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| BRIAN HACKETT, | : |
| Petitioner, | : |
| VS. | : NO. 7:23-CV-00139-WLS-TQL |
| WARDEN TAMARSHE SMITH, | : |
| Respondent. | : |

## ORDER

Presently pending before are the claims of Petitioner Brian Hackett, an inmate presently incarcerated in the Augusta State Medical Prison, seeking relief pursuant to 28 U.S.C. § 2254. On February 27, 2024, the Court denied Ms. Amelia Bifulco's request to serve as Petitioner's "next friend" and Petitioner's motion for appointed counsel and ordered Petitioner to submit a signed habeas petition if he wished to proceed with this action and prosecute it on his own. Petitioner was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply could result in the dismissal of his Petition. *See generally* Order, Feb. 27, 2024, ECF No. 7.

The time for compliance passed without a response from Petitioner. Petitioner was therefore ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was also ordered to comply with the Court's February 27th Order if he wished to proceed with this action. Petitioner was given fourteen (14) days to respond, and he was again warned that the failure to fully and timely comply could result in the dismissal of this case. *See generally* Order,

Apr. 1, 2024, ECF No. 8.

The time for compliance has again expired without a response from Petitioner. As Petitioner was previously advised, the failure to comply with the Court's orders and instructions is cause for dismissal of this case. Because Petitioner has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, his Petition is **DISMISSED without prejudice**. Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (the failure to comply with a court order is grounds for dismissal in a habeas case).

To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's failure to prosecute and comply with the Court's orders was debatable or wrong. *See Knox*

2

*v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

    **SO ORDERED**, this 6th day of May 2024.

                                          **/s/ W. Louis Sands**
                                          W. LOUIS SANDS, SR. JUDGE
                                          UNITED STATES DISTRICT COURT