IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| BRIAN HACKETT, | : | |
| | : | |
| Petitioner, | : | |
| VS. | : | NO. 7:23-CV-00139-WLS-TQL |
| | : | |
| WARDEN TAMARSHE SMITH, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**ORDER**

Presently pending before the Court is Petitioner Brian Hackett's response to the order dismissing his Petition for failure to comply with the Court's orders and instructions (ECF No. 11). On February 27, 2024, the Court denied Ms. Amelia Bifulco's request to serve as Petitioner's "next friend" and Petitioner's motion for appointed counsel and ordered Petitioner to submit a signed habeas petition if he wished to proceed with this action and prosecute it on his own. Petitioner was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply could result in the dismissal of his Petition. *See generally* Order, Feb. 27, 2024, ECF No. 7.

After the time for compliance passed without a response from Petitioner, the Court ordered Petitioner to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was also ordered to comply with the Court's February 27th Order if he wished to proceed with this action. Petitioner was again given fourteen (14) days to respond and warned that the failure to fully and timely comply could result in the dismissal of this case. *See generally* Order, Apr. 1, 2024,

ECF No. 8. When the time for compliance again expired without a response from Petitioner, the Court dismissed the Petition without prejudice pursuant to Federal Rule of Civil Procedure 41. *See generally* Order, May 6, 2024, ECF No. 9. On May 28, 2024, the Court received a document from Petitioner that was docketed as a response to the Court's order of dismissal (ECF No. 11). Because the Court received this response within 28 days of the entry of judgment, it will be liberally construed as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

Motions for reconsideration are generally disfavored, and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)). The Court, however, recognizes three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

In this case, Petitioner contends he received the Court's February 27th Order on "the last day of the 14 day limit [which] was when [he] was given it by prison mail personnel." Resp. 1, ECF No. 11. Petitioner states he "signed the copy of the 2254 and sent back the same day due to the fact of receiving it on the last day of your 14 response limit." *Id.* Petitioner alleges he did not receive the Court's April 1st Show Cause Order until May 17,

2

2024, which amounts to "a 47 day delay by the prison mail system." *Id.* Petitioner also alleges he received the Court's dismissal order on May 17, 2024. *Id.*

The docket shows that Petitioner promptly responded to the orders he received on May 17th, and he has also acted reasonably promptly to comply with all other orders and instructions of the Court. The Court thus finds that Petitioner's allegations, coupled with the relevant limitations period, constitute reasons that justify relief in this case. Petitioner's construed motion (ECF No. 11) is accordingly **GRANTED**. The Court notes, however, that it still has not received a signed copy of the Petition (Doc. 1) despite Petitioner's allegations that he mailed this document to the Court. Petitioner shall therefore have **FOURTEEN (14) DAYS** from the date of this Order to submit a signed copy of his habeas petition, as was required by the Court's    The Clerk is **DIRECTED** to mail Petitioner a copy of his Petition, marked with the case number of the above-captioned action, so that Petitioner may comply with this Order. The Clerk is further **DIRECTED** to **VACATE** the Order and Judgment (ECF No. 9, 10), re-open this case, and remand it to the United States Magistrate Judge for further proceedings consistent with the Court's Order of Referral (ECF No. 2). Petitioner is reminded of his obligation to inform the Court immediately and in writing of any change in his mailing address. **The failure to fully and timely comply with the Court's orders and instructions may result in the dismissal of this action.**

**SO ORDERED**, this 13th day of June 2024.

                                         <u>/s/ W. Louis Sands</u>
                                         **W. LOUIS SANDS, SR. JUDGE**
                                         **UNITED STATES DISTRICT COURT**